IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROY HARRIS,[1]       §
      §   No. 213, 2025
    Respondent Below,      §
    Appellant,      §   Court Below–Family Court of
      §   the State of Delaware
    v.      §
      §   File Nos. 24-04-13TN
DEPARTMENT OF SERVICES      §       CN22-03467
FOR CHILDREN, YOUTH AND      §
THEIR FAMILIES,      §   Petition Nos. 24-09422
      §          22-23939
    Petitioner Below,      §
    Appellee.      §

Submitted: December 3, 2025
Decided: December 19, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Roy Harris appeals from a Family Court order terminating his parental rights over his two minor children. He contends that the Family Court committed legal error when it applied a statute that governs child custody to his termination of parental rights ("TPR") proceeding. After careful review, we conclude that the custody statute at issue does not apply in TPR proceedings. Accordingly, we reverse the judgment of the Family Court and remand for further proceedings.

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

(2)     On August 9, 2022, the police arrested Roy Harris ("Father") for engaging in domestic violence in the presence of minor children.[2]  He ultimately pleaded guilty to aggregated menacing and endangering the welfare of a child. Father was sentenced to prison.[3]  While Father was in prison, the Department of Services for Children, Youth, and Their Families ("DSCYF") took custody of his two minor children.[4]  From November 2022 through October 2024, the mandated hearings ensued.[5]  At a January 17, 2023 dispositional hearing, DSCYF submitted Father's case plan to the Family Court.[6]  One element of the case plan required that Father complete an anger management course to allay concerns regarding his history of domestic violence.[7]

(3)     On September 20, 2023, DSCYF petitioned the Family Court to terminate Father's parental rights.[8]  The court scheduled a hearing for January 29,

---

[2] Appellant's Opening Br. 1 (filed Oct. 31, 2025) [hereinafter as "Opening Br."].

[3] Appellee's Answering Br. 5 (filed Nov. 3, 2025) [hereinafter as "Answering Br."].

[4] Ex. A to Opening Br. at 3 (Termination of Parental Rights Hearing Order, No. 24-04-13TN (Del. Fam. Apr. 9, 2025)) [hereinafter as "*Opinion*"].

[5] *Id.* at 3–8.  When DSCYF obtains custody of a child, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules.  *See* 13 *Del. C.* § 2514; Fam. Ct. Civ. R. 212–219.

[6] *Opinion* at 4.

[7] Opening Br. 29.

[8] *Opinion* at 4.  On September 20, 2023, DSCYF filed a motion to change the permanency plan from reunification to concurrent termination of parental rights, adoption, and reunification.  The Court granted the motion on October 9, 2023.

2

2024.[9]  Because he needed more time to work on his case plan, Father filed several motions to stay or postpone the hearing.  The Family Court granted these requests.[10] The Family Court eventually held the TPR hearing on February 25, 2025,[11] where Father presented evidence demonstrating that had he successfully completed most of his case plan, including the completion of an anger management course for offenders of domestic violence.[12]

(4)    After the TPR hearing, but before the Family Court could render its decision, Father filed motions to stay the proceedings.[13]  The court issued orders denying those requests.[14]  Father filed another motion on April 8, 2025, seeking to reargue the orders denying his requests to stay the proceedings (the "April 8th Motion").[15]

(5)    On April 9, 2025, the Family Court issued an order terminating Father's parental rights over both of his children on the ground of failure to plan under 13

---

[9] *Id.* at 5.

[10] *Id.* at 5–8; Opening Br. 3, 4.

[11] *Opinion* at 8.

[12] *Id.* at 21.

[13] *Id.* at 8.

[14] *Id.*

[15] *See* App. to Opening Br. at A393–401 (Notice & Mot. for Rearg. and/or Relief from Judgment from the Ct.'s Orders dated Mar. 27, 2025 & Mar. 24, 2025 (dated Apr. 8, 2025)) [hereinafter "A_"].

*Del. C.* § 1103(a)(5) (the "TPR Order").[16] The court found that Father had failed to secure stable housing and to resolve domestic violence concerns.[17] In evaluating the "domestic violence" element of Father's case plan, the Family Court applied 13 *Del. C.* § 705A to its analysis.[18] Section 705A creates a rebuttable presumption that a perpetrator of domestic violence should not be awarded sole or joint custody of a child.[19]

(6)    The Family Court entered the TPR Order without deciding the April 8th Motion. On April 22, 2025, Father filed another motion.[20] This motion sought to vacate the TPR Order, reopen the record, and preserve evidence (the "Post-TPR Motion").[21] The Family Court denied the Post-TPR Motion, finding that it was moot, and this appeal followed.[22]

(7)    Father makes three claims on appeal. First, Father argues that the Family Court committed legal error when it applied 13 *Del. C.* § 705A in its TPR

---

[16] *Opinion* at 2.

[17] *See id.* at 21–22.

[18] *See id.*

[19] *See* 13 *Del. C.* § 705A.

[20] A415–26 (Notice & Omnibus Mot. for Relief from Judgment, to Reopen Record & to Preserve Evid.).

[21] *Id.*

[22] *See* Ex. D to Opening Br. at 3 (Letter & Order on Omnibus Motion for Relief from Judgment to Reopen the Record, and to Preserve Evidence (dated May 5, 2025)).

analysis.[23]   Second, Father contends that the court abused its discretion in denying the April 8th and Post-TPR Motions.[24]   Third, Father argues that the court's analysis in its TPR Order violated his due process rights.[25]   We address Father's first and third arguments together, as they are related, and then address Father's second argument concerning the motions.

(8)     In reviewing an appeal from the Family Court, "[w]hen the issues on appeal implicate rulings of law, our review is *de novo* and this Court will set aside erroneous interpretations of applicable law."[26] We review claims of infringement upon constitutional rights *de novo*.[27]   Moreover, "[i]f the trial judge has correctly applied the pertinent law, our review is limited to abuse of discretion."[28]

(9)     The statute that is the focus of Father's first argument, 13 *Del. C.* § 705A, applies in child custody proceedings.   The statute is a part of the Child Protection from Domestic Violence Act, which creates a rebuttable presumption that a perpetrator of domestic violence should not be awarded sole or joint custody of a child.[29]   Section 705A provides as follows:

---

[23] Opening Br. at 19.

[24] *Id.* at 33.

[25] *Id.* at 42.

[26] *In re Stevens*, 652 A.2d 18, 23 (Del. 1995) (citation omitted).

[27] *George v. DSCYF*, 150 A.3d 768, 2016 WL 6302525, at *2 (Del. Oct. 27, 2016) (TABLE).

[28] *Powell v. DSCYF*, 963 A.2d 724, 731 (Del. 2008).

[29] *See* 13 *Del. C.* § 705A.

(a) Notwithstanding other provisions of this title, there shall be a rebuttable presumption that no perpetrator of domestic violence shall be awarded sole or joint custody of any child.

(b) Notwithstanding other provisions of this title, there shall be a rebuttable presumption that no child shall primarily reside with a perpetrator of domestic violence.

(c) The above presumptions shall be overcome if there have been no further acts of domestic violence and the perpetrator of domestic violence has:

  (1) Successfully completed a program of evaluation and counseling designed specifically for perpetrators of family violence and conducted by a public or private agency or a certified mental health professional; and

  (2) Successfully completed a program of alcohol or drug abuse counseling if the Court determines that such counseling is appropriate; and

  (3) Demonstrated that giving custodial or residential responsibilities to the perpetrator of domestic violence is in the best interests of the child. . . .

(10)  We have previously held that the rebuttable presumption under the Child Protection from Domestic Violence and Sex Offenders Act applies exclusively to child custody proceedings.  In *DFS v. O'Bryan*, we held that "[t]he Sex Offenders Act is part of Subchapter II of Chapter 7A of Title 13, which deals exclusively with Family Court custody proceedings."[30]  Like the Sex Offenders Act, which was at

---

[30] 164 A.3d 58, 62–63 (Del. 2017).

issue in *O'Bryan*, Section 705A is also a part of Chapter 7A of Title 13.[31] Therefore, consistent with our opinion in *O'Bryan*, we hold that § 705A also "deals exclusively with Family Court custody proceedings."[32]

(11) Furthermore, applying § 705A to TPR proceedings gives rise to due process concerns. We have held that "[n]atural parents possess a fundamental liberty interest in the care, custody and management of their children[;]"[33] and therefore, "[b]efore the State can intercede and deprive a parent of this fundamental liberty interest, it must afford the parent with the requisite due process protection."[34]

(12) Section 705A subjects Father to an unfair burden of proof when applied in the TPR context. "Under Delaware law, a trial [court] must conduct a two-step analysis when deciding whether or not to terminate parental rights."[35] First, the court must find, by clear and convincing evidence, that "one of the grounds for termination

---

[31] Chapter 7A is titled "Child Protection from Domestic Violence and Sex Offenders Act." The Chapter contains two parts: Child Protection from Domestic Violence Act (Subchapter I) and Child Protection from Sex Offenders Act (Subchapter II). The two subchapters are parallel and resemble each other in structure and language. Section 705A is contained in Subchapter I Child Protection from Domestic Violence Act.

[32] *O'Bryan,* 164 A.3d at 63; *see also January v. DFS*, 91 A.3d 561, 2014 WL 1713085, at *1 (Del. Apr. 28, 2014) (TABLE) (stating that the definition of "perpetrator of domestic violence" under 13 *Del. C.* § 703A, which belongs to the same subchapter as Section 705A, "would be relevant to creating a rebuttable presumption against awarding custody of a child in a custody proceeding, but [] does not have any apparent relevance to termination of parental rights proceedings.").

[33] *In re Heller*, 669 A.2d 25, 30 (Del. 1995).

[34] *Id.*

[35] *Brock v. DSCYF*, 963 A.2d 781, 788 (Del. 2022).

enumerated in 13 *Del. C.* § 1103(a) has been met."[36] Only after determining that one of the enumerated grounds has been met will the court consider "if there is clear and convincing evidence that termination of parental rights is in the best interests of the child as defined under 13 *Del. C.* § 722."[37]

(13) Here, DSCYF's petition to terminate Father's parental rights was based on 13 *Del. C.* § 1103(a)(5) – failure to plan adequately for the children's needs and development.[38] The Family Court, in following the required two-step analysis, must first find that Father failed to comply with his case plan, before it could evaluate whether termination of Father's parental rights aligned with the children's best interests.

(14) The TPR Order disregarded this required sequence and unduly placed the burden of proving "best interests" on Father in the first step of the analysis. When determining whether Father had complied with the "domestic violence" element of his case plan, the court required Father to overcome the presumption in § 705A,[39] which included demonstrating "that giving custodial or residential responsibilities to [Father] [was] in the best interests of the child[ren]."[40] In doing

---

[36] *Id.*

[37] *Id.*

[38] *Opinion* at 2.

[39] *Opinion* at 21–22.

[40] 13 *Del. C.* § 705A(c)(3).

8

so, the court misplaced the burden of proving "best interests of the children" before it determined that Father had failed to meet one of the enumerated grounds for termination.

(15) Last, Father claims that the Family Court abused its discretion when it denied both the April 8th[41] and Post-TPR Motions.[42] It will be recalled that the April 8th Motion sought to vacate and reargue the court's prior orders denying further stay of the proceedings, while the Post-TPR Motion sought to vacate the TPR Order and reopen the record. We review each motion in turn.

(16) First, the April 8th Motion was mooted by the issuance of the TPR Order. "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[43] Once a final judgment is entered, rulings on prior interlocutory proceedings "achieve finality . . . through incorporation in the final judgment[;]"[44] and "review of those subsidiary rulings must be achieved through a timely appeal of [the] final order."[45] Here, the TPR Order is a final judgment that

---

[41] *See* Ex. C to Opening Br. (Letter & Order on Motion for Reargument and/or Relief from Judgment from the Court's Orders dated March 27, 2025 and March 24, 2025 (dated April 22, 2025)).

[42] *See* Ex. D to Opening Br. (Letter & Order on Omnibus Motion for Relief from Judgment to Reopen the Record, and to Preserve Evidence (dated May 5, 2025)).

[43] *Tyson Foods Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del. 2002).

[44] *Id.* at 580.

[45] *Id.*

decided the merits of the case. Therefore, once the court issued the TPR Order, all prior interlocutory proceedings, including the April 8th Motion, achieved finality and could be reviewed only through an appeal of the TPR Order. Thus, we see no abuse of discretion. Second, as to the Post-TPR Motion, we find that our decision here—to reverse the TPR Order and remand for further proceedings—renders the motion moot.

(17) On remand, the Family Court should determine whether Father's parental rights should be terminated, without regard to, or consideration of, § 705A.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is REVERSED, and this matter is REMANDED for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice